T.C. Memo. 2009-189

UNITED STATES TAX COURT

JOSHUA A. VAN RYSWYK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5607-08.                    Filed August 19, 2009.

<u>James R. Monroe</u>, for petitioner.

<u>Michael W. Bitner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciency in, and additions to, petitioner's Federal income tax
(tax) for his taxable year 2004:

| | Additions to Tax | | |
|---|---|---|---|
| Deficiency | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654(a) |
| $16,776 | $3,774.60 | $2,768.04 | $486.97 |

The issues remaining for decision for petitioner's taxable year 2004 are:

(1) Are certain commissions that petitioner received during 2004 includible as nonemployee compensation in his gross income? We hold that they are.

(2) Is petitioner entitled to deduct under section 162(a) certain amounts that he claims he paid to Baccam & Associates (B&A) during 2004?  We hold that he is not.

(3) Is petitioner entitled to deduct under section 162(a) certain claimed expenses that B&A showed as deductions in the tax return that it filed for taxable year 2004?  We hold that he is not.

(4) Is petitioner liable for the addition to tax under section 6651(a)(1)?  We hold that he is.

(5) Is petitioner liable for the addition to tax under section 6654(a)?  We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition in this case, he resided in Iowa.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Mr. and Mrs. Van Ryswyk, petitioner's parents, adopted petitioner as an infant. They also were the foster parents of Oai Baccam (Mr. Baccam) and certain of Mr. Baccam's biological siblings, all of whom had emigrated around 1976 to the United States from Vietnam. Petitioner and his foster brother Mr. Baccam grew up together in Mr. and Mrs. Van Ryswyk's home.

Around 2000, petitioner graduated from college and moved to California. While in California, petitioner lived with Mr. Baccam and certain of Mr. Baccam's biological siblings.

In 2000, petitioner and Mr. Baccam incorporated B&A. During 2004, the year at issue, Mr. Baccam owned 90 percent, and petitioner owned 10 percent, of B&A, an S corporation. At all relevant times, B&A used certain computer software to maintain its books and records, which were under Mr. Baccam's control.

During 2004, petitioner and Mr. Baccam were licensed to sell financial products, including certain security, annuity, and insurance products (financial products), but B&A was not. The companies that offered those financial products (financial products companies) entered into agreements with petitioner, and not with B&A, pursuant to which he agreed to sell on their behalf their respective financial products. In return for his services, the financial products companies agreed to pay petitioner certain commissions based on the sales that he generated.

During 2003, petitioner received the following payments totaling $213,894 from the companies indicated:

| Company | Amount |
|---|---|
| Premium Escrow, Inc. | $94,500 |
| Ameritrade, Inc. | 341 |
| Allianz Life Insurance Co. | 7,919 |
| Midland National Life Insurance Co. | 61,409 |
| American Investors Life Insurance Co. | 14,378 |
| Intersecurities, Inc. | 3,647 |
| LPL Financial Services Corp. | 31,700 |

The companies that made the payments listed above did not withhold tax therefrom. Moreover, petitioner did not make any estimated tax payments, or file a tax return (return), for his taxable year 2003.

During 2004, petitioner received the following payments totaling $58,529 as commissions (2004 commissions or commission payments) from the companies indicated:

| Company | Amount |
|---|---|
| Allianz Life Insurance Co. | $26,790 |
| Intersecurities, Inc. | 30,739 |
| TTT East Coast, Inc. | 1,000 |

During 2004, petitioner deposited the 2004 commissions into his personal bank account.

Each of the three companies that made commission payments to petitioner during 2004 issued to him Form 1099-MISC, Miscellaneous Income, for that year. Each of those companies showed in that form the amount of commissions that it paid to petitioner during 2004.

During 2004, Ameritrade, Inc. (Ameritrade), paid to petitioner $634 as proceeds (securities proceeds) from the sale of certain securities that he held through that company. Ameritrade issued to petitioner Form 1099-B, Proceeds From Broker and Barter Exchange Transactions (Form 1099-B), for that year. In that form, Ameritrade showed $634 as proceeds from "Stocks, bonds, etc."[2]

Neither the companies that made commission payments nor Ameritrade that paid securities proceeds to petitioner during 2004 withheld tax therefrom. Moreover, petitioner did not make any estimated tax payments, or file a return, for his taxable year 2004.

Respondent issued to petitioner a notice of deficiency for his taxable year 2004 (2004 notice). In that notice, respondent determined, inter alia, that the 2004 commissions are includible as nonemployee compensation in petitioner's gross income for his taxable year 2004. In the 2004 notice, respondent also determined that petitioner is liable for his taxable year 2004 for additions to tax under, inter alia, sections 6651(a)(1) and 6654(a).

---

[2]The record in this case does not contain Form 1099-B that Ameritrade issued to petitioner for his taxable year 2004. As a result, we do not know whether Ameritrade showed in that form the $634 in question as "Gross proceeds" or "Gross proceeds less commissions and option premiums".

Around November 28, 2008, approximately two months before the trial in this case, B&A filed Form 1120S, U.S. Income Tax Return for an S Corporation, for its taxable year 2004 (2004 S corporation return), which Mr. Baccam, B&A's president, had signed. In the 2004 S corporation return, B&A (1) showed gross receipts and total income of $59,723, (2) claimed deductions totaling $55,764, and (3) showed ordinary income from trade or business activities of $3,959. B&A included with the 2004 S corporation return Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., for taxable year 2004 (2004 Schedule K-1) with respect to each of its two stockholders. In the 2004 Schedule K-1 that B&A completed with respect to petitioner, B&A showed $396 as ordinary business income, which equaled petitioner's proportionate share of B&A's ordinary income from trade or business activities.[3]

## OPINION

Petitioner bears the burden of establishing that the determinations in the 2004 notice that remain at issue are wrong.[4] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[3]The treatment shown in the 2004 Schedule K-1 that B&A completed with respect to petitioner is consistent with the required tax treatment of an S corporation and its stockholders.

[4]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a).

Evaluation of Evidence on Which Petitioner Relies

In support of his position with respect to each of the issues in this case, petitioner relies primarily on his own testimony and the testimony of his foster brother, Mr. Baccam. We found petitioner's testimony to be in certain material respects questionable, conclusory, uncorroborated, and/or self-serving. We also found Mr. Baccam's testimony to be in certain material respects questionable, conclusory, uncorroborated, and/or serving the interests of his foster brother, petitioner. We are not required to, and we shall not, rely on the respective testimonies of petitioner and Mr. Baccam in order to establish petitioner's respective positions with respect to the issues presented. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Commission Income

It is petitioner's position that the 2004 commissions are not includible as nonemployee compensation in his gross income for his taxable year 2004 because they constitute the gross receipts of B&A for that year.[5]

A taxpayer is not required to treat as income amounts that the taxpayer "did not receive under a claim of right, which were

_____

[5]In the alternative, it is petitioner's position that he is entitled to certain deductions under sec. 162(a) that would offset the 2004 commissions. We address below petitioner's alternative position.

not his to keep, and which * * * [the taxpayer] was required to transmit to someone else as a mere conduit." Diamond v. Commissioner, 56 T.C. 530, 541 (1971), affd. 492 F.2d 286 (7th Cir. 1974). A person's prompt payment to another person of all the amounts that the person receives is indicative that the person receiving those amounts has no claim to them. See Goodwin v. Commissioner, 73 T.C. 215, 230 (1979).

In support of his position that the 2004 commissions are not includible as nonemployee compensation in his gross income for his taxable year 2004, petitioner argues (1) that during 2004, pursuant to an agreement between himself and B&A, he (a) received those commissions on behalf of B&A and (b) paid them to B&A and (2) that B&A reported those commissions as gross receipts in the 2004 S corporation return.

The principal evidence to support petitioner's arguments is his own testimony and the testimony of Mr. Baccam, on which we are unwilling to rely. Petitioner has not introduced reliable evidence that during 2004 he had an agreement with B&A under which he was required to, and did, pay the 2004 commissions to B&A. Nor has petitioner introduced reliable evidence (1) that B&A showed gross receipts of $59,723 in the 2004 S corporation return because during 2004 it received that amount of gross receipts from him or (2) that that amount consisted of the 2004

commissions of $58,529 that he received during that year and unidentified gross receipts of $1,194.[6]

On the record before us, we find that petitioner has failed to carry his burden of establishing that during 2004 he had an agreement with B&A under which he was required to, and did, pay the 2004 commissions to B&A. On that record, we find that petitioner has failed to carry his burden of establishing that the 2004 commissions are not includible as nonemployee compensation in his gross income for his taxable year 2004.

Claimed Deductions

In the alternative, it is petitioner's position that if we were to find, as we have, that the 2004 commissions are includible as nonemployee compensation in his gross income for his taxable year 2004, he would be entitled to certain deductions under section 162(a) that would offset those commissions.

Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). A taxpayer is required to maintain records sufficient

---

[6]Mr. Baccam, petitioner's foster brother and B&A's president, filed B&A's 2004 S corporation return approximately two months before the trial in this case. The record does not establish that respondent had examined that return before the trial took place. We believe that Mr. Baccam filed B&A's 2004 S corporation return when he did in an effort to bolster petitioner's position in this case that the 2004 commissions are includible in B&A's gross receipts, and not in his gross income, for taxable year 2004.

to establish the amount of any deduction claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A taxpayer is entitled to deduct all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a).

In support of his alternative position, petitioner advances two arguments. First, petitioner argues that he is entitled to deduct under section 162(a) $58,529, the amount of the 2004 commissions, because during 2004 he was required to, and did, pay that amount to B&A pursuant to an agreement between himself and B&A. We have found that petitioner has failed to carry his burden of establishing that during 2004 he had an agreement with B&A under which he was required to, and did, pay the 2004 commissions to B&A. On the record before us, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2004 he is entitled to deduct under section 162(a) the amount of the 2004 commissions.

Second, petitioner argues that he is entitled to deduct under section 162(a) the claimed expenses that B&A showed as deductions in the 2004 S corporation return. Petitioner does not contend that during 2004 he paid or incurred any of those claimed expenses, let alone that he paid or incurred them in carrying on his own trade or business. On the record before us, we find that petitioner has failed to carry his burden of establishing that

for his taxable year 2004 the claimed expenses that B&A showed as deductions in the 2004 S corporation return were ordinary and necessary expenses that he paid or incurred in carrying on his own trade or business. On that record, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2004 he is entitled to deduct under section 162(a) any of those claimed expenses.

Additions to Tax

It is respondent's position that petitioner is liable for the respective additions to tax under sections 6651(a)(1) and 6654(a) that respondent determined in the 2004 notice.

Section 6651(a)(1) imposes an addition to tax for failure to file timely a return unless the failure to file timely is due to reasonable cause, and not to willful neglect. Section 6654(a) imposes an addition to tax in the case of an underpayment of estimated tax by an individual.[7] The addition to tax under that

---

[7]For purposes of sec. 6654(a), it is necessary to determine whether there is an underpayment of a required installment of estimated tax. See sec. 6654(a) and (b). In this connection, the amount of any required installment is 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is equal to the lesser of (1) 90 percent of the tax shown in the return for the taxable year or if no return was filed, 90 percent of the tax for such year, or (2) if the individual filed a return for the preceding taxable year, (a) 110 percent of the tax shown in such return if the taxpayer's adjusted gross income shown in such return exceeds $150,000 or (b) 100 percent of the tax shown in such return if the taxpayer's adjusted gross income shown in such return does not exceed $150,000. Sec. 6654(d)(1)(B) and (C)(i).

section is mandatory unless petitioner qualifies under one of the exceptions in section 6654(e).[8]

Respondent must carry the burden of production with respect to the respective additions to tax under sections 6651(a)(1) and 6654(a) at issue here. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To satisfy that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose each of those additions to tax. See Higbee v. Commissioner, supra at 446. Although respondent bears the burden of production with respect to the respective additions to tax under sections 6651(a)(1) and 6654(a) at issue here, respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." Id.

---

[8]Sec. 6654(e) provides that no addition to tax is to be imposed under sec. 6654(a) for any taxable year if (1) the tax shown in the return for such taxable year (or if no return is filed, the tax), reduced by the credit allowable under sec. 31, is less than $1,000, sec. 6654(e)(1); (2) the preceding taxable year was a taxable year of 12 months, the individual did not have any liability for such preceding taxable year, and the individual was a citizen or resident of the United States throughout such preceding taxable year, sec. 6654(e)(2); (3) the Secretary of the Treasury (Secretary) determines that by reason of casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity and good conscience, sec. 6654(e)(3)(A); or (4) the Secretary determines that during the taxable year for which the estimated payments are required or the taxable year preceding such taxable year the taxpayer retired after having attained the age of 62 or became disabled, and the underpayment of any estimated tax was due to reasonable cause and not to willful neglect, sec. 6654(e)(3)(B).

We turn first to the addition to tax under section 6651(a)(1). We have found that petitioner did not file a return for his taxable year 2004. On the record before us, we find that respondent has carried respondent's burden of production under section 7491(c) with respect to the addition to tax under section 6651(a)(1) that respondent determined in the 2004 notice.

As we understand it, it is petitioner's position that he had reasonable cause for his failure to file a return for his taxable year 2004 and that therefore he is not liable for the addition to tax under section 6651(a)(1). In support of that position, petitioner advances two arguments. First, petitioner argues that he did not receive from B&A Schedule K-1 for his taxable year 2004. Consequently, he claims that he did not have the information that he needed in order to file his return for that year.

The unavailability of information or records does not necessarily establish reasonable cause for failure to file timely a return. Elec. & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1342-1343 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). A taxpayer is required to file timely based upon the best information available and to file thereafter an amended return if necessary. Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982).

Assuming arguendo that petitioner did in fact fail to file his return for his taxable year 2004 because B&A did not send to

him Schedule K-1 for his taxable year 2004, on the record before us, we nonetheless would find that petitioner has failed to carry his burden of establishing that that reason constitutes reasonable cause for his failure to file.

Second, petitioner argues that he had reasonable cause for his failure to file a return for his taxable year 2004 because he was not required to file such a return since his gross income for that year did not exceed the required threshold amount under section 6012(a)(1)(A)(i) for filing a return.[9] Petitioner's argument is based on his position that the 2004 commissions are not includible as nonemployee compensation in his gross income for his taxable year 2004. We have found that petitioner has failed to carry his burden of establishing that position. On the record before us, we find that petitioner has gross income for his taxable year 2004 in excess of the threshold amount set forth in section 6012(a)(1)(A)(i).

---

[9]Sec. 6012(a)(1)(A)(i) provides in pertinent part that a taxpayer who is single is not required to file a return for a taxable year if the taxpayer's gross income for that year is less than "the sum of the exemption amount plus the basic standard deduction applicable to such an individual". For purposes of sec. 6012(a)(1)(A)(i), the "exemption amount" for taxable year 2004 is $3,100. See secs. 6012(a)(1)(D)(ii), 151(d)(1), (4)(A); Rev. Proc. 2003-85, sec. 3.16(1), 2003-2 C.B. 1184, 1188. For purposes of sec. 6012(a)(1)(A)(i), the "basic standard deduction applicable" to petitioner for his taxable year 2004 is $4,850. See secs. 6012(a)(1)(D)(i), 63(c)(2), (4); Rev. Proc. 2003-85, sec. 3.10(1), 2003-2 C.B. at 1188.

Petitioner does not claim that he sought any professional advice with respect to whether the 2004 commissions are includible in his gross income for his taxable year 2004. Nor does he claim that he sought any such advice with respect to whether he was exempt under section 6012(a)(1)(A)(i) from filing a return for that year. Where a taxpayer does not obtain competent advice, the taxpayer's erroneous belief that he or she was not required to file a return does not establish reasonable cause for failure to file timely. See Stevens Bros. Found., Inc. v. Commissioner, 39 T.C. 93 (1962), affd. on this issue, revd. in part, and remanded in part 324 F.2d 633 (8th Cir. 1963); Shomaker v. Commissioner, 38 T.C. 192, 202 (1962). On the record before us, we find that petitioner has failed to carry his burden of establishing that his belief that he was not required to file a return under section 6012(a)(1)(A)(i) constituted reasonable cause for his failure to file.

On the record before us, we find that petitioner has failed to carry his burden of establishing that his failure to file a return for his taxable year 2004 was due to reasonable cause, and not to willful neglect. On that record, we find that petitioner has failed to carry his burden of establishing that he is not liable for the addition to tax under section 6651(a)(1) that respondent determined in the 2004 notice.

We turn next to the addition to tax under section 6654(a). We have found that petitioner (1) did not file a return for his taxable year 2003, (2) did not file a return for his taxable year 2004, and (3) did not make any estimated tax payments with respect to his taxable year 2004. On the record before us, we find that respondent has carried respondent's burden of production under section 7491(c) with respect to the addition to tax under section 6654(a).

As we understand it, it is petitioner's position that he qualifies for the exception under section 6654(e)(1) (small tax exception) and that therefore he is not liable for the addition to tax under section 6654(a).[10] As pertinent here, that exception provides that no addition to tax will be imposed under section 6654(a) for any taxable year if the tax for that year, reduced by the credit allowable under section 31 for tax withheld, is less than $1,000.[11] Sec. 6654(e)(1). According to petitioner, he qualifies for the small tax exception because he has no tax for his taxable year 2004.

We have found that petitioner has failed to carry his burden of establishing that the 2004 commissions are not includible as nonemployee compensation in his gross income for his taxable year

---

[10]Petitioner does not claim that he qualifies for any other exception to the addition to tax under sec. 6654(a) that is set forth in sec. 6654(e).

[11]See supra note 8.

2004.  In addition, we have found that the financial products companies that paid him those commissions did not withhold tax therefrom.  We have also found that petitioner has failed to carry his burden of establishing that he is entitled to deduct under section 162(a) for his taxable year 2004 (1) $58,529, the amount of the 2004 commissions, or (2) any of the claimed expenses that B&A showed as deductions in the 2004 S corporation return.

On the record before us, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2004 he qualifies for the small tax exception to the addition to tax under section 6654(a) that is set forth in section 6654(e)(1).  On that record, we find that petitioner has failed to carry his burden of establishing that he is not liable for the addition to tax under section 6654(a).

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions by respondent,

Decision will be entered

under Rule 155.