Kenneth D. CHRISTMAN and Sally Christman, Pro Se Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 11–717 T

United States Court of Federal Claims.

Filed March 6, 2013

Kenneth D. Christman and Sally Christman, Dayton, OH, pro se.

Gregory S. Knapp, United States Department of Justice Tax Division, with whom were Kathryn Keneally, Assistant Attorney General, David I. Pincus, Chief, Court of Federal Claims Section, G. Robson Stewart, Assistant Chief, Washington, DC, for defendant.

Tax; Refund Suit, 26 U.S.C. § 7422 (2006); Additions to Tax, 26 U.S.C. §§ 6651(a)(2), 6654 (2006); No Reasonable Cause, or Other Statutory Provision, to Excuse Taxpayers from Tax Penalties.

## OPINION

Bush, Judge.

This case is before the court on cross-motions for summary judgment under Rule 56 of the Rules of the United States Court of Federal Claims (RCFC). These motions have been fully briefed, and oral argument was neither requested by the parties nor deemed necessary by the court. The dispositive issue before the court is whether the decision by the Internal Revenue Service (IRS) to grant plaintiffs only a partial abatement rather than a full abatement of tax penalties assessed against plaintiffs for the 1997 and 1998 tax years is supported by controlling law. For the reasons set forth

below, the court grants defendant's motion, denies plaintiffs' cross-motion and must dismiss the complaint.

## BACKGROUND [1]

Dr. Kenneth D. Christman and Sally Christman seek a refund of additions to tax, also known as penalties, assessed by the IRS. *See* Compl. at 3 (stating that "it is only reasonable, fair, and proper, that taxpayers be refunded the amount of such penalties that have not already been abated"). The amount in controversy is $30,142.96, and plaintiffs also request interest. *Id.* The tax years at issue are 1997 and 1998, although reference to tax years 1996 and 2001 is provided for context. *Id.* at 1–2.

Plaintiffs were audited by the IRS, apparently in 2000, for tax years 1996–98. Compl. at 1; Def.'s Ex. 1 at A–2. For each of those tax years, the IRS found that the Christmans had miscalculated (and therefore under-reported) their income, by treating losses from securities trading as ordinary losses rather than capital losses. Pls.' Mot. at 1–2. Plaintiffs refer to the IRS action as "an arbitrary recategorization of their huge [securities trading] losses," Compl. at 3, but appear to concede that the IRS appropriately applied the tax laws in force at that time to their income in 1996–98, *see* Pls.' Mot. at 3, 21 (asserting that certain statutory changes to the treatment of securities trading losses were enacted too late to assist plaintiffs).

The Christmans attempted to negotiate with the IRS as to the additional tax, penalties and interest assessed for tax years 1996–98, and these attempts spanned several years. Pls.' Mot. at 2, 7–8. They retained an attorney who, in 2005, requested an abatement of the penalties assessed for those tax years.[2] Pls.' Ex. 9. He also requested abatement of penalties assessed for tax year 2001, because the 2001 penalties, in his view, were the result of an allocation of tax payments by

---

[1]. The facts recounted here are taken from the parties' pleadings and briefs, and appear to be undisputed, unless otherwise noted. Defendant filed proposed findings of uncontroverted fact (Def.'s Facts); plaintiffs did not. The court makes no findings of fact in this opinion; nonetheless, the court has fully considered the factual

allegations and the legal arguments presented by the parties.

[2]. This attorney acknowledged that the Christmans' treatment of their securities trading losses in 1996–98 was incorrect. *See* Pls.' Ex. 9 at A–22.

the IRS which the Christmans could not have foreseen. *See id.* at A–23.

The penalty abatement issue was not speedily resolved by the IRS. In 2008, the IRS abated the penalties assessed for tax year 1996 in full. Pls.' Ex. 28. At that time, the IRS refused to abate the penalties assessed for tax years 1997 and 1998. Pls.' Ex. 29. In 2009, the IRS, after further communications from the Christmans, partially abated the penalties assessed for tax years 1997 and 1998, and fully abated the penalties assessed for tax year 2001. Compl. Ex. 2. Together, the penalty abatements granted by the IRS total $63,325.71, when the 2008 abatement of $32,580.70 and the 2009 abatement of $30,745.01 are aggregated. *See* Def.'s Facts ¶ 5; Compl. Exs. 1–2.

Thus, plaintiffs seek to recover in this suit the balance of the penalties assessed by the IRS pursuant to 26 U.S.C. §§ 6651(a)(2), 6654 (2006) for tax years 1997 and 1998 which were not abated. Plaintiffs express frustration with the collection activities of the IRS in regard to these penalties, and with the amount of time and effort required to receive the abatements they did obtain. Plaintiffs' fundamental argument, however, appears to be that it was unlawful for the IRS to abate some, but not all, of the penalties for tax years 1996 through 1998. *See* Compl. at 3 (stating that the IRS's "application of these penalties [in 1997 and 1998] is NOT mandated by law"); Pls.' Mot. at 5 ("Defendant has not explained ... why Plaintiffs' exemplary behavior qualified for 'reasonable cause' [to abate the 1996 penalties], but then, suddenly did not qualify for the 2nd and 3rd years [1997 and 1998], even though they did everything in their power to address their tax liabilities."); Pls.' Reply at 2–3 (arguing that "[t]he problem with the IRS is that it selectively applied reasonable cause" to justify a full abatement of the 1996 penalties, but then found no reasonable cause to justify a full abatement of the 1997 and 1998 penalties). In essence, plaintiffs found their claim on a perceived "arbitrariness" in the abatements of penalties granted or denied to them. *See* Compl. at 2 (faulting the IRS for "arbitrarily picking and choosing only a partial abatement").

Plaintiffs filed suit in this court on October 28, 2011, proceeding *pro se*. Although not stated in the complaint, 26 U.S.C. § 7422 (2006) and 28 U.S.C. § 1346(a)(1) (2006) provide this court with jurisdiction over this tax refund suit. *See* Def.'s Reply at 3 n.4. Discovery was completed in 2012, and defendant informed the court that the government believed this case could be resolved through summary judgment proceedings. The court turns first to the standard of review for cross-motions for summary judgment, and then to the parties' arguments concerning the Christmans' liability for penalties in tax years 1997 and 1998.

## DISCUSSION

### I. Standards of Review

#### A. Pro Se Plaintiffs

The court acknowledges that the Christmans are proceeding *pro se*, and are "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir.1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and briefing thoroughly and has attempted to discern all of plaintiffs' legal arguments.

#### B. Summary Judgment

"[S]ummary judgment is a salutary method of disposition designed to secure the just, speedy and inexpensive determination of every action." *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir.1987) (internal quotations and citations omitted). The party moving for summary judgment will prevail "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). Cross-motions for summary judgment "are not an admission that no material facts remain at issue." *Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1573 (Fed.Cir.1997) (citing

*United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir.1978)). The parties may focus on different legal principles and allege as undisputed a different set of facts. *Id.* "Each party carries the burden on its own motion to show entitlement to judgment as a matter of law after demonstrating the absence of any genuine disputes over material facts." *Id.*

A genuine issue of material fact is one that could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The moving party ... need not produce evidence showing the absence of a genuine issue of material fact but rather may discharge its burden by showing the court that there is an absence of evidence to support the nonmoving party's case." *Dairyland Power Coop. v. United States*, 16 F.3d 1197, 1202 (Fed.Cir.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). A summary judgment motion is properly granted against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and for which that party bears the burden of proof at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

The United States Supreme Court has instructed that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. A nonmovant will not defeat a motion for summary judgment "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249, 106 S.Ct. 2505 (citation omitted). "A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving par-

ty to summary judgment as a matter of law." *Dairyland*, 16 F.3d at 1202 (citing *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548).

### C. Tax Refund Claims

In refund suits, there is no doubt that the plaintiff bears the burden of proof as to his or her entitlement to a tax refund. *See Young & Rubicam, Inc. v. United States*, 410 F.2d 1233, 1238 (Ct.Cl.1969) ("In refund litigation, the taxpayer has the burden of proof because he is the plaintiff and because the government benefits from the presumptive correctness of the Commissioner's administrative determination.") (citations omitted). The plaintiff also bears the burden of proof as to the amount of refund owed by the government. *E.g., Thomas v. United States*, 56 Fed.Cl. 112, 116–17 (2003) (citations omitted). By relying on substantive and reliable evidence, a tax refund plaintiff must prove, by a preponderance of the evidence, the amount due as a refund. *E.g., W. Mgmt., Inc. v. United States*, 97 Fed.Cl. 29, 34, 37, 40 (2011) (citation omitted); *Thomas*, 56 Fed. Cl. at 117.

## II. Analysis

This case presents only one substantive legal issue. Plaintiffs seek to challenge the validity of a partial, rather than full, abatement of the penalties assessed against plaintiffs by the IRS for tax years 1997 and 1998. Unfortunately for plaintiffs, the undisputed facts before the court show that the law is on the side of the government.[3]

### A. Late Filing Penalties under Sections 6651(a)(2) and 6654

As a threshold matter, the court notes that plaintiffs have not cited any caselaw in support of their refund claim. *See* Pls.' Mot. at 17 ("Plaintiffs ... have not cited case law, as plaintiffs have been unable to find comparable instances...."). Defendant, however, has appropriately set forth the decisional law

---

3. The court notes that plaintiffs question the fairness of the decision by the IRS to not grant a full abatement of the penalties for tax years 1997 and 1998. Compl. at 1–3. This court, however sympathetic it may be to the economic hardships borne by the Christmans, must restrict its consid-

eration of their tax refund claim to the merits of the claim under the Internal Revenue Code (IRC). *See, e.g., Guzak v. United States*, 75 Fed. Cl. 304, 311 & n. 8 (2007) (stating that courts may not ignore the IRC to correct perceived unfairness in the tax laws).

which interprets the relevant sections of the Internal Revenue Code (IRC).[4] Two types of penalties were assessed against the Christmans for tax years 1997 and 1998: penalties for failure to timely pay tax, under § 6651(a)(2); and penalties for failure to timely pay estimated tax, under § 6654. Def.'s Facts ¶¶ 5–6; Pls.' Mot. at 19.

Plaintiffs raise no direct substantive challenge to the imposition of these penalties, or to their amount, which was triggered by either mistaken treatment of securities trading losses or the failure to timely pay the correct amount of estimated tax for tax years 1997 and 1998. Defendant explains the mechanism for the initial imposition of such penalties, and explains why they were imposed in this instance. *See* Def.'s Mot. at 2, 7, 12–13. Thus, the validity and amount of the penalties assessed against the Christmans for tax years 1997 and 1998 are not in dispute.

Plaintiffs focus, instead, on challenging the decisions made by the IRS with respect to the abatement of those penalties for tax years 1997 and 1998. The Christmans argue that under § 6651(a)(2), a reasonable cause exception should have been deemed by the IRS to excuse their failure to timely pay taxes, and that likewise, under § 6654, a waiver exception excused their failure to pay estimated taxes. Pls.' Mot. at 19–21. Plaintiffs argue that legitimate excuses invalidate the penalties assessed for tax years 1997 and 1998, and that therefore these penalties should be fully abated. Unfortunately for plaintiffs, caselaw interpreting § 6651(a)(2) and § 6654 does not support plaintiffs' arguments.

### 1. Section 6651(a)(2) and "Reasonable Cause"

The failure to timely file taxes owed will be subject to penalty "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(2). Defendant cites a number of cases which describe the conditions that provide, or do not provide, reasonable cause to excuse a failure to timely pay taxes under § 6651(a)(2). *See* Def.'s Mot. at 7–12. The

court will not discuss all of defendant's cases, but notes that these cases show that the taxpayer bears the burden to show reasonable cause under § 6651(a)(2). *E.g., Q.E.D., Inc. v. United States,* 55 Fed.Cl. 140, 143 (2003) (citing *Bolding v. United States,* 565 F.2d 663, 672 (Ct.Cl.1977); *Cook v. United States,* 46 Fed.Cl. 110, 119 (2000)).

The court notes, first, that defendant has cited to three important principles of law that guide the court's inquiry into reasonable cause. First, reasonable cause is established by contemporaneous facts which excuse the failure to timely pay taxes—in this case, the relevant time period is 1997 and 1998. *See* Def.'s Mot. at 9 (citations omitted); Def.'s Reply at 1. Second, the court's review of the reasonable cause issue is *de novo,* and does not implicate a review of the decisions of the IRS that occurred as the penalties were applied, or thereafter. *See* Def.'s Mot. at 9 n.4 (citations omitted); Def.'s Reply at 4–5; *see also Pac. Wallboard & Plaster Co. v. United States,* 319 F.Supp.2d 1187, 1188 (D.Or.2004) ("Whether the penalty should be excused is determined *de novo* without deference to the decision of the IRS. The taxpayer has the burden of proof by a preponderance of the evidence."). Third, plaintiffs' refund claim is bounded by the refund claim they presented to the IRS, under the "substantial variance" rule. *See* Def.'s Mot. at 12 n.8 (citing *Lockheed Martin Corp. v. United States,* 210 F.3d 1366, 1371 (Fed.Cir.2000)); Def.'s Reply at 6. Because plaintiffs appear to consider the government's reliance on this rule as a sign of weakness in the government's case, *see* Pls.' Reply at 4, the court briefly discusses the rule here.

The "'substantial variance' rule ... bars a taxpayer from presenting claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the IRS." *Lockheed Martin,* 210 F.3d at 1371 (citing *Cook v. United States,* 599 F.2d 400, 406 (Ct.Cl.1979)). As the United States Court of Appeals for the Federal Circuit has stated:

---

**4.** Unless otherwise indicated, all further citations in this opinion to statutory sections are to the IRC, Title 26 of the United States Code, in the version applicable to the dispute in this case.

The substantial variance rule (1) gives the IRS notice as to the nature of the claim and the specific facts upon which it is predicated; (2) gives the IRS an opportunity to correct errors; and (3) limits any subsequent litigation to those grounds that the IRS had an opportunity to consider and is willing to defend.

*Id.* (citations omitted). In this case, therefore, plaintiffs' factual bases for their reasonable cause defense to tax penalties assessed under § 6651(a)(2) cannot be substantially broader than the grounds alleged in their refund claim presented to the IRS.

The court has examined plaintiffs' April 7, 2008 refund claim, which cites two contemporaneous factors that might conceivably excuse the Christmans' failure to timely file taxes in 1997 and 1998. *See* Def.'s Ex. 3. The first is that they presumed that they had correctly deducted securities trading losses from Dr. Christman's earnings from his medical practice. *Id.* at A–43. The second is that they claim to have exercised ordinary business care and prudence, although it is not clear from their 2008 refund claim whether the Christmans alleged that they exercised prudence in their investments, or in meeting their tax obligations, or both. *See id.* at A–44 to A–45. The court notes that an earlier refund claim asserted that the Christmans "exercise[d] ordinary business care and prudence in their efforts to comply with the tax laws for each year." Pls.' Ex. 9 at A–24. It is these two factual allegations which the court may consider for its analysis of the "reasonable cause" excuse in § 6651(a)(2), in light of the substantial variance rule.

■ The court notes that two bases for the refund claim submitted to the IRS by the Christmans are foreclosed as a matter of law.

The first is that plaintiffs disagree with the fairness of the tax treatment of their securities trading losses imposed by the IRS when it audited their returns, because "it is not fair to tax an individual on income when deductibility of losses is NOT allowed," and because "tax policy is not to impose taxes on people who do not have the wherewithal to pay." Def.'s Ex. 3 at A–44. The audit occurred in 2000, and the alleged unfairness of the audit is not a contemporaneous fact which might have excused plaintiffs' failure, in 1997 and 1998, to pay the correct amount of tax. Furthermore, *see supra* note 3, this court applies the IRC regardless of any perceived unfairness in those laws.

■ Second, although plaintiffs detail the disastrous economic impact of securities trading losses on their finances, there is no allegation that *in 1997 and 1998* the Christmans failed to pay any taxes they recognized as due and owing because they had insufficient funds on hand to pay the IRS the amount shown on their tax returns. *Cf.* Def.'s Ex. 3 at A–43 (stating that the Christmans "were unable to pay this monstrous [2003 IRS] bill"); *id.* (discussing an offer they made in 2000 to settle outstanding tax liabilities with the IRS). Indeed, plaintiffs attribute the failure to timely pay taxes *in 1997 and 1998* to a misunderstanding of the tax code, an allegation which is fundamentally at odds with an inability to pay defense.[5] Because disagreements with the fairness of the tax code and financial straits were not contemporaneous grounds alleged to provide reasonable cause for the Christmans' failure to timely pay taxes in 1997 and 1998, these circumstances have no relevance to the court's consideration of the reasonable cause issue.[6]

5. The allegations in the complaint are consistent with the court's interpretation of the refund claim presented to the IRS. Plaintiffs assert in the complaint that "the Christmans were consistently responsible in *paying* and filing their taxes, [until] they found themselves unable to immediately pay huge sums of taxes, interest, and penalties *due to* an arbitrary recategorization [by the IRS in its 2000 audit] of their huge [securities trading] losses." Compl. at 3 (emphasis added).

6. Even if plaintiffs' financial problems had been alleged to have frustrated the Christmans' ability

to pay taxes in 1997 and 1998, the court agrees with defendant that the Christmans have not alleged facts that would show that they exercised ordinary care and business prudence so as to be in a position to comply with the tax laws. *See* Def.'s Mot. at 7 ("A taxpayer's mere inability to timely pay the taxes due is insufficient to establish reasonable cause, absent the required showing of business care and prudence in the planning for the payment of the tax liability." (citing *Q.E.D.*, 55 Fed.Cl. at 150–52)).

8

### a. Erroneous Beliefs as to the Tax Code

Defendant cites two cases for the proposition that erroneous beliefs as to tax liabilities, without more, do not provide reasonable cause for the failure to timely pay taxes. *See* Def.'s Mot. at 7–8 (citing *LFAM Corp. v. United States*, 42 Fed.Cl. 698, 702 (1999); *Van Ryswyk v. Comm'r*, 98 T.C.M. (CCH) 113, 2009 WL 2526202, at *5 (2009)). It is well-established that "ignorance of the law does not amount to reasonable cause" sufficient to invalidate tax penalties. *Picard v. Comm'r*, 28 T.C. 955, 961 (1957); *see also Joye v. Comm'r*, 83 T.C.M. (CCH) 1091, 2002 WL 47011, at *11 n. 6 (2002) (stating that "mistake as to, or ignorance of, the law does not constitute reasonable cause under sec. 6651(a)(1) and (2)") (citation omitted). The taxpayer has a responsibility to comply with the tax laws, and erroneous beliefs as to the tax code must be supplemented with competent advice. *See Marrin v. Comm'r*, 147 F.3d 147, 152–53 (2d Cir.1998) (denying a challenge to a tax penalty, in part, because the taxpayer relied on his erroneous beliefs regarding the tax laws instead of competent advice); *Van Ryswyk*, 2009 WL 2526202, at *6 ("Where a taxpayer does not obtain competent advice, the taxpayer's erroneous belief that he or she was not required to file a return does not establish reasonable cause for failure to file timely."). For these reasons, plaintiffs' reference to their faulty presumption regarding the tax treatment of their securities trading losses does not constitute reasonable cause to excuse penalties assessed under § 6651(a)(2).

### b. Ordinary Business Care and Prudence

One way to establish reasonable cause, to justify an abatement of a penalty assessed under § 6651(a)(2), is to make a showing that the taxpayer exercised ordinary business care and prudence in the matter of filing a return, or in preparing to meet his tax payment responsibilities. 26 C.F.R. § 301.6651–1(c)(1) (2012). The court has scoured the refund claim presented to the IRS, and even the complaint, for any factual allegations as to the exercise of ordinary business care and prudence undertaken by the Christmans as they prepared their tax returns in 1997 and 1998. There are no specific allegations in this regard. The only factual allegation remotely addressing this issue is that the Christmans had been compliant filers of tax returns in years prior to and after 1997 and 1998. *See* Def.'s Ex. 3 at A–43 (stating that "[p]rior to 1996, we had a history of being fully compliant taxpayers"); Pls.' Ex. 9 at A–22 (same); Compl. at 1 (stating that "the Christmans were always compliant taxpayers, both *prior to* these unfortunate events, but also *afterwards*") (emphasis added). Plaintiffs' allegations of fact do not establish that the Christmans' exercised ordinary business care and prudence, so as to provide a reasonable cause excuse to penalties assessed under § 6651(a)(2).

Defendant cites a case where ordinary business care and prudence could have been proved by evidence of reliance on expert advice. Def.'s Mot. at 12 (citing *Estate of Liftin v. United States*, 101 Fed.Cl. 604, 608 (2011)). Indeed, reasonable reliance on expert advice appears to be sufficient evidence, in some cases, to show ordinary business care and prudence in tax penalty challenges. *See, e.g., Boles Trucking, Inc. v. United States*, 77 F.3d 236, 242 (8th Cir.1996) (discussing ordinary business care and prudence, and reasonable reliance on expert advice, as evidence of reasonable cause under § 6651, but declining to find reasonable cause in that case). Where plaintiffs challenging the validity of tax penalties have failed to provide evidence of reasonable reliance on expert advice, courts have found that these plaintiffs have not shown evidence of ordinary business care and prudence. *See, e.g., Richardson v. Comm'r*, 125 F.3d 551, 559 (7th Cir.1997) (holding that a plaintiff who did not provide substantive evidence of reliance on professional tax advice "did not exercise ordinary business care and prudence in managing her tax affairs"); *Jackson v. Comm'r*, 864 F.2d 1521, 1527 (10th Cir.1989) (rejecting a challenge to penalties assessed under § 6651, because the plaintiff had not shown reasonable reliance on supposedly expert advice, and had thus not established that the plaintiff had exercised ordinary business care and prudence).

Here, plaintiffs have made no specific allegations of their exercise of ordinary business care and prudence with regard to tax matters in 1997 and 1998. They have not alleged that they sought professional advice as to the tax treatment of securities trading losses in those years. They have not alleged reasonable reliance on any such professional advice. There is therefore no genuine issue of material fact as to any reasonable cause to excuse the Christmans' failure to timely file taxes for tax years 1997 and 1998.

**2. Section 6654 Penalties Are Not Excused by Erroneous Beliefs, Past Compliance with Tax Laws, or Inability to Pay**

The amounts in controversy for § 6654 penalties are relatively small ($160.67 for 1997 and $373.43 for 1998), Compl. Ex. 1, and there is little or no argument that can be discerned in plaintiffs' refund claim, Def.'s Ex. 3, which can be read to address specific provisions of § 6654. Defendant argues that nothing in plaintiffs' claim submitted to the IRS excuses the Christmans' liability for penalties assessed pursuant to § 6654. Def.'s Mot. at 13. The court must agree.

Defendant contends, first, that there is no "reasonable cause" exception to these penalties, except for a narrow exception for "[n]ewly retired or disabled individuals," as provided by § 6654(e)(3)(B). Def.'s Mot. at 13 (citing cases). Plaintiffs have not alleged that either of the Christmans was newly retired or disabled in 1997 or 1998; thus, the government argues, no reasonable cause excused their § 6654 penalties for those years. *Id.* Plaintiffs do not argue that the Christmans qualify for the exception provided by § 6654(e)(3)(B). The court agrees with defendant that the narrow exception provided by § 6654(e)(3)(B) does not invalidate the tax penalties assessed for tax years 1997 and 1998.

Defendant next argues that plaintiffs did not allege, in the claim they submitted to the IRS, that any other waiver or exception enumerated in § 6654(e)(3)(A), such as casualty or disaster, applied in their circumstances. The record confirms defendant's assertion. As discussed *supra*, the refund claim presented to the IRS discussed only

two contemporaneous reasons to excuse the penalties assessed in 1997 and 1998—mistake as to the tax treatment of securities trading losses, and past compliance with the tax laws. *See* Def.'s Ex. 3; Pls.' Ex. 9. Neither of these reasons constitutes an excuse under § 6654(e)(3)(A), according to defendant, and the court must agree. *See* Def.'s Reply at 7 (citing legislative history for examples of circumstances that excuse § 6654 penalties).

As to plaintiffs' allusion to their dire financial circumstances, *see* Def.'s Ex. 3 at A–44, the court finds no authority for the proposition that mere inability to pay excuses § 6654 penalties. *See, e.g., Alba v. United States*, No. 80–764C(2), 1980 WL 1742, at *2 (E.D.Mo. Dec. 17, 1980) (holding that the taxpayers' "innocent ignorance of the law and their financial inability to pay the tax" did not constitute a valid excuse under § 6654); *Nasir v. Comm'r*, 102 T.C.M. (CCH) 558, 2011 WL 6029936, at *5–*7 (2011) (finding that "undue financial hardship" did not constitute a valid excuse under § 6654(e)(3)). The court notes that plaintiffs attempt to rely, in this court, on a "disaster" defense to these penalties, alleging that their financial woes were equivalent to the "disaster" excuse set forth in § 6654(e)(3)(A). *See* Pls.' Mot. at 5–6, 20–21 (equating their financial disaster with fire and natural disasters). This argument is foreclosed by the substantial variance doctrine, because it was not presented to the IRS in the first instance. *Lockheed Martin*, 210 F.3d at 1371. On the record before the court, there is no genuine issue of material fact as to plaintiffs' liability for § 6654 penalties for tax years 1997 and 1998.

**B. Whether a Partial, Rather Than a Full, Abatement of the 1997 and 1998 Penalties was Valid**

Plaintiffs repeatedly assert that the IRS should not fully abate tax penalties for 1996 and then decline to fully abate tax penalties for 1997 and 1998. *See* Compl. at 2 (faulting the IRS for "arbitrarily picking and choosing only a partial abatement"); Pls.' Mot. at 5 ("Defendant has not explained . . . why Plaintiffs' exemplary behavior qualified

for 'reasonable cause' [to abate the 1996 penalties], but then, suddenly did not qualify for the 2nd and 3rd years [1997 and 1998], even though they did everything in their power to address their tax liabilities."); Pls.' Reply at 2–3 (arguing that "[t]he problem with the IRS is that it selectively applied reasonable cause" to justify a full abatement of the 1996 penalties, but then found no reasonable cause to justify a full abatement of the 1997 and 1998 penalties). As defendant notes, however, plaintiffs have not cited to any binding authority for this proposition. *See* Def.'s Reply at 4 n.5 (citing *Ghandour v. United States*, 37 Fed.Cl. 121, 126 n. 14 (1997) for the proposition that the Internal Revenue Manual (IRM) does not confer rights on plaintiffs in this court and that the IRM does not have the force and effect of law). Defendant has also pointed the court to authority stating that each tax year is treated separately as to the determination of tax (and penalty) liabilities. *See* Def.'s Mot. at 10 (stating that "it is well-established that tax liability is determined on a year-by-year basis" (citing *Comm'r v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948))). Thus, the full abatement of § 6651(a)(2) penalties for tax year 1996, and the partial abatement of § 6651(a)(2) penalties for tax years 1997 and 1998, are not inconsistent with controlling law.[7]

Plaintiffs have not cited to any binding law which holds that if the IRS fully abated § 6651(a)(2) penalties for 1996, and did not fully abate § 6651(a)(2) penalties for 1997 and 1998, the IRS committed an error reversible by this court. Instead, plaintiffs assert that the IRS is bound by its alleged "reasonable cause" determination that no penalties under § 6651(a)(2) were due for 1996 (and, by extension, for 1997 and 1998). *See* Pls.' Mot. at 5 (stating that "the IRS has already determined that Plaintiffs[ ] qualify for penalty relief under 'Reasonable Cause'" (citing Pls.' Ex. 41 at A–87)). Any such

determination by the IRS, however, is immaterial because this court necessarily conducts a *de novo* review of the reasonable cause issue.[8] *See supra*. Furthermore, as discussed *supra*, plaintiffs' reasonable cause arguments, as regards § 6651(a)(2) penalties for tax years 1997 and 1998, failed to persuade the court. For all of these reasons, there is no genuine issue of material fact as to the validity of the IRS's partial (rather than full) abatement of the Christmans' tax penalties for tax years 1997 and 1998.[9]

## CONCLUSION

Accordingly, it is hereby **ORDERED** that

(1) Defendant's Motion for Summary Judgment, filed September 10, 2012, is **GRANTED**;

(2) Plaintiffs' Cross–Motion for Summary Judgment, filed October 5, 2012, is **DENIED**;

(3) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint, with prejudice; and,

(4) Each party shall bear its own costs.

---

**7.** There were no § 6654 penalties assessed for tax year 1996. Def.'s Facts ¶¶ 5–6.

**8.** Defendant does not concede that the IRS made a "reasonable cause" determination of the type alleged by plaintiffs. Def.'s Reply at 4–5. The court agrees with defendant's view of the record.

**9.** Finally, to the extent that plaintiffs might seek monetary relief to redress any injuries they allegedly suffered in their interactions with the IRS, plaintiffs have not cited any authority providing for jurisdiction in this court over such a claim. *See* Def.'s Reply at 3 (citing *Brown v. United States*, 36 Fed.Cl. 290, 298 (1996)).